ESTATE OF PAGÁN *v.* PAGÁN ET AL.

APPEAL from the District Court of Mayagüez.

No. 614.—Decided February 7, 1911.

LEGITIMATE CHILDREN—HEREDITARY RIGHTS IN CASES OF INTESTATE SUCCESSION.—Although acknowledged natural children have the same hereditary rights as legitimate children, either to inherit in their own right or by right of representation, however, they are not entitled to the intestate succession of legitimate children and descendents and legitimate collateral relatives of the parent who acknowledged them.

ID.—TESTAMENTARY SUCCESSION.—The provisions of the act to repeal certain sections of the Civil Code, approved March 9, 1905, are applicable only to cases of testamentary succession, but not to the case at bar, in which the plaintiffs, as natural nephews, seek to inherit, *ab intestato,* by right of representation, an uncle who was the legitimate brother of their deceased father.

The facts are stated in the opinion.

*Messrs. Fernando Vázquez* and *N. B. K. Pettingill* for appellant.

*Mr. José de Diego* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This suit was brought to annul an order of court recognizing the defendants as the heirs of Lucas Antonio Pagán y Seda, who departed this life on September 2, 1908, leaving a valuable estate amounting to about $40,000. It is alleged that the plaintiffs are the illegitimate children, duly recognized, of Roque Pagán, who was a legitimate brother of Lucas Pagán and who died on October 12, 1900. Both Lucas Pagán and Roque Pagán died intestate. The defendants are the legitimate brothers and nephews of Lucas Pagán and their rights to share in his estate are not questioned, the plaintiffs merely seeking to be permitted to participate in the distribution of his estate.

To this complaint a demurrer was interposed under clause 6 of section 105 of the Code of Civil Procedure on the ground that the allegations thereof did not set forth facts sufficient to constitute a cause of action. This demurrer was sustained and the complaint was accordingly dismissed.

From this judgment, rendered on September 10, 1910, an appeal was duly taken to this court, and the correctness of the same is the question here presented for solution. No assignment of errors appears in appellants' brief; but inasmuch as there is only a single question involved and, if the action of the trial court complained of is erroneous, the error is fundamental, we will proceed to its consideration. On the hearing both parties, through their counsel, made oral arguments, but only the appellants file a brief in the record.

The sole question then is, should the plaintiffs, as the natural recognized children of Roque Pagán, be admitted as heirs of his brother, Lucas Pagán, who died intestate after the decease of the said Roque?

In the first place we may say that the law of 1905, relied on by the appellant, has no application because it relates

only to testate estates. (Sess. Acts, 1905, p. 111, sec. 1, par. 3.)

If the plaintiffs inherit at all it must be in representation of their father, Roque Pagán, who died long before his brother, Lucas Pagán. Roque cannot be considered in any sense as the heir of Lucas, who outlived him; since *"Nemo est haeris viventis."* (Broom, 522; 2 Bl. Com.; 208; Co. Litt., 8a. 22 b; Black Law Dict., 810.)

Though the acknowledgment by the father gives his illegitimate children certain rights in his estate, this action on his part does not bind his brothers or other collateral relatives, nor should it, in common justice, do so. Our statutes are plain enough on this question. By section 913 of the Civil Code now in force it is declared that illegitimate children, when duly acknowledged, shall have the same rights of inheritance as lawful children; but it is provided: "Nevertheless, an illegitimate child and his issue shall not have the right to inherit, in the absence of a will, from the legitimate children and issue and legitimate collaterals of the father or mother who has acknowledged them, nor may they inherit from an illegitimate child and his issue." This very plainly excludes illegitimate nephews from inheriting from their uncle, who is the legitimate brother of their deceased father.

The same exclusion existed under the old Spanish Code, which reads thus:

"Art. 943. A natural and legitimized child has no right to succeed *ab intestato* the legitimate children and relatives of the father or mother who has acknowledged it; nor shall such children or relatives inherit from the natural or legitimized child."

The distinglished commentator, Scaevola, illuminates this doctrine by a discussion in which he compares with the law of Spain those of France, Italy, and other countries, and makes it plain that illegitimate children, though acknowledged, cannot inherit from the legitimate relatives of the father. (16 Scaevola, pp. 398 and 399.)

From an examination of the record it is plain that the trial court took a proper view of the law on this subject and gave it a correct interpretation. The judgment should therefore be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.